UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LINDSAY KAMAKAHI, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE, et al.,<br><br>Defendants. | Case No: C 11-01781 SBA<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE; GRANTING MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL; AND DENYING MOTION FOR APPOINTMENT OF AN EXECUTIVE COMMITTEE**<br><br>Docket 48. |

The parties are presently before the Court on Plaintiff Lindsay Kamakahi's ("Plaintiff") motion to consolidate the instant action, Kamakahi v. American Society for Reproductive Medicine, et al., C 11-01781-SBA ("Kamakahi"), with the related action Levy v. American Society of Reproductive Medicine, et al., C 11-03803-SBA ("Levy") under Rule 42 of the Federal Rules of Civil Procedure. Dkt. 48. Also before the Court are Plaintiff's motion for appointment of interim lead class counsel under Rule 23(g) of the Federal Rules of Civil Procedure, and motion for appointment of a three-firm Executive Committee to prosecute this action. Id. No Defendant has filed an opposition. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to consolidate, GRANTS the motion for appointment of interim lead class counsel, and DENIES the motion for appointment of a three-firm Executive Committee to prosecute this action, for the reasons stated below. The

Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. DISCUSSION

### A. Motion to Consolidate

Plaintiff argues that consolidation of the instant action and the related Levy action is appropriate because the actions are substantially similar and raise nearly identical questions of law and fact, and therefore consolidation will serve the interests of efficiency and judicial economy.

If actions before the court involve a common question of law or fact, the court may consolidate the actions. Fed.R.Civ.P. 42(a). A court has broad discretion in determining whether to consolidate actions pending in the same district. See Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In determining whether or not to consolidate cases, the court should "weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." Zhu v. UCBH Holdings, Inc., 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010).

Having reviewed the complaints filed in both actions, the Court concludes that consolidation is appropriate in light of the substantial similarity between the two actions. The Plaintiff in both actions seeks to represent a class against American Society for Reproductive Medicine ("ASRM") and Society for Assisted Reproductive Technology ("SART"), and all fertility clinics and egg donor agencies that agreed to comply with SART/ASRM rules regarding egg donor compensation, excluding entities located in Indiana. Compl. ¶ 20, Dkt. 1; Levy action Compl. ¶ 23, Dkt. 1. In addition, both actions are brought on behalf of a class consisting of all women who during the preceding four years sold human eggs to any Defendant class member for assisted reproductive purposes. Compl. ¶ 13; Levy action Compl. ¶ 17. Finally, both complaints assert one cause of action, alleging that Defendants entered into a price fixing agreement to suppress the price paid to putative class members for human egg donor services in violation of Section 1 of the

Sherman Antitrust Act, 15 U.S.C. § 1. Compl. ¶¶ 1, 106-110, Levy action Compl. ¶¶ 110-114.

Accordingly, because the instant action and the related Levy action involve common questions of law and fact, Plaintiff's motion to consolidate is GRANTED. The Court finds that consolidation will serve the interests of efficiency and judicial economy. Pursuant to Rule 42, Kamakahi v. American Society for Reproductive Medicine, et al., C 11-01781-SBA and Levy v. American Society for Reproductive Medicine, et al., C 11-03803-SBA shall be consolidated for all purposes into one action. The first-filed consolidated case, Kamakahi, shall be the lead case. All future filings shall be filed under the caption and case number Kamakahi v. American Society for Reproductive Medicine, et al., C 11-01781-SBA.

### B. Motion for Appointment of Interim Lead Class Counsel

Plaintiff requests that the Court appoint her counsel Finkelstein Thompson LLP and Cafferty Faucher LLP as interim co-lead class counsel under Rule 23(g).

A district court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(3). In making this determination, the court considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed.R.Civ.P. 23(g)(1)(A). In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(g)(1)(B).

The Court has reviewed the evidence submitted by Plaintiff and concludes that Finkelstein Thompson LLP and Cafferty Faucher LLP possess sufficient experience, knowledge of the applicable law, and resources to represent the putative class in this matter. Mark Punzalan Decl., Exhs. A-B, Dkt. 48-1. Accordingly, Plaintiff's motion for

appointment of interim lead class counsel is GRANTED.  The Court appoints Finkelstein Thompson LLP and Cafferty Faucher LLP as co-lead counsel in this consolidated action.

### C. Motion for Appointment of an Executive Committee

Plaintiff requests that the Court appoint a three-firm Executive Committee to prosecute this action, consisting of her counsel, Finkelstein Thompson LLP and Cafferty Faucher LLP, and Plaintiff's counsel in the Levy action, Bursor & Fisher, P.A.  In support of this request, Plaintiff asserts that "Bursor & Fisher has a wealth of experience litigating complex commercial and consumer class actions, including antitrust cases, and will be a valuable member of the team prosecuting this case."  Moreover, the "Executive Committee will advance the common interests of Plaintiffs and the Class in the prosecution of the consolidated action, and will work in conjunction with one another to ensure that the case is effectively and efficiently prosecuted, and the interests of Plaintiffs and the proposed class are best represented."

The Court concludes that Plaintiff has failed to demonstrate that the appointment of a three-firm Executive Committee to prosecute this action is warranted.  See Manual for Complex Litig., § 10.221 (4th ed. 2004) ("Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making.").  First, there has been no showing that the interests and positions of the putative class members represented by Bursor & Fisher, P.A in the Levy action are sufficiently dissimilar to the interests and positions of the putative class members represented by Finkelstein Thompson LLP and Cafferty Faucher LLP in the Kamakahi action to justify giving Bursor & Fisher, P.A representation in decision making.  Plaintiff, for her part, has not identified any diverse interest among the parties that would support the appointment of a committee of counsel.  See id. § 10.221 (in appointing counsel in complex litigation, a court may consider, among other factors: "whether designated counsel fairly represent the various interests in the litigation—where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests").

Second, there has been no showing that the interests of efficiency and economy are best served by appointing a three-firm Executive Committee. Plaintiff has not demonstrated that a committee of counsel is necessary to effectively and efficiently prosecute this action, while avoiding unnecessary costs and duplication of efforts. See Manual for Complex Litig., § 10.221 (noting that "Committees of counsel can sometimes lead to substantially increased costs"). Accordingly, Plaintiff's request for appointment of a three-firm Executive Committee to prosecute this action is DENIED.

The Court notes that appointed co-lead counsel, as the attorneys charged with formulating and presenting positions on substantive and procedural issues during this litigation on behalf of other counsel and their clients, are, of course, free to consult with Bursor & Fisher, P.A on all significant litigation decisions and to divide case responsibilities and costs as they see fit, including tasking Bursor & Fisher, P.A. with litigation assignments. However, while it may be appropriate, and even beneficial, for the firms to divide work among themselves, counsel should be mindful that this Court will ultimately scrutinize the reasonableness of any application for attorneys' fees and costs. As such, counsel should strive to avoid unnecessary costs and duplication of efforts.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED:

1. Plaintiff's motion to consolidate is GRANTED. Kamakahi v. American Society for Reproductive Medicine, et al., C 11-01781-SBA and Levy v. American Society for Reproductive Medicine, et al., C 11-03803-SBA shall be consolidated for all purposes into one action. All future filings shall be filed under the caption and case number Kamakahi v. American Society for Reproductive Medicine, et al., C 11-01781-SBA.

2. Plaintiffs shall file a consolidated complaint within thirty (30) days from the date of this Order. Defendants shall file a responsive pleading in accordance with Rule 12 of the Federal Rules of Civil Procedure.

3. Plaintiff's motion for appointment of interim lead class counsel is GRANTED. The Court appoints Finkelstein Thompson LLP and Cafferty Faucher LLP as co-lead counsel in this consolidated action.

4. Plaintiff's motion for appointment of a three-firm Executive Committee to prosecute this action is DENIED.

5. In light of the Court's ruling on the motion to consolidate, the motion to dismiss (Dkt. 33) is DENIED as MOOT.

6. This Order terminates Docket 33 and Docket 48.

IT IS SO ORDERED.

Dated: 3/13/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge