Rosemary M. Rivas (SBN 209147)
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
505 Montgomery Street, Suite 300
San Francisco, California 94111
Telephone: (415) 398-8700/Facsimile: (415) 398-8704

Michael G. McLellan (admitted *pro hac vice*)
mmclellan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150
Washington, DC 20007
Telephone: 202-337-8000/Facsimile: 202-337-8090

*Co-Lead Interim Counsel for Plaintiffs*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY KAMAKAHI and JUSTINE LEVY, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE; SOCIETY FOR ASSISTED REPRODUCTIVE TECHNOLOGY,<br><br>Defendants. | Case No. 3:11-CV-1781 JCS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE CLASS CERTIFICATION REPORT OF INSOO HYUN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:           October 3, 2104<br>Time:          9:30 a.m.<br>Courtroom: Courtroom G, 15th Floor<br>Judge:         Honorable Joseph C. Spero |

## NOTICE OF MOTION AND MOTION

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on October 3, 2014 at 9:30 a.m., before the Honorable Joseph C. Spero, Magistrate Judge, at San Francisco Courthouse, Courtroom G, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs will and hereby do move for an Order striking the Report of Insoo Hyun, Ph.D. ("Hyun Report"), filed under seal on June 27, 2014.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, and all the pleadings and all documents on file in this action, and such other matters as may be presented at or before the hearing.

Dated: August 29, 2014                    Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By: /s/ Rosemary M. Rivas
    Rosemary M. Rivas

505 Montgomery Street, Suite 300
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Douglas G. Thompson
dthompson@finkelsteinthompson.com
Michael G. McLellan
mmclellan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150
Washington, DC 20007
Telephone: 202-337-8000/Facsimile: 202-337-8090

Bryan L. Clobes
bclobes@caffertyclobes.com
Ellen Meriwether
emeriwether@caffertyclobes.com
**CAFFERTY CLOBES MERIWETHER
  & SPRENGEL LLP**
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Telephone: 215-864-2800/Facsimile: 215-864-2810

*Co-Lead Counsel For Plaintiffs*

1

MOTION TO STRIKE CLASS CERTIFICATION REPORT OF INSOO HYUN
Case No. 3:11-CV-1781 JCS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF ISSUES TO BE DECIDED**

The issue to be decided is:

Whether the Court should strike the Report of Insoo Hyun, Ph.D., submitted in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, given that it is irrelevant to class certification and to the issues in this case.

## I. INTRODUCTION

In the initial stages of this case, Defendants indicated their primary merits defense was to argue that the so-called "rule of reason" (which requires a court to weigh both pro- and anti-competitive aspects of a challenged restraint) governed this case, and that various purported ethical justifications for the Maximum Price Rules constituted "procompetitive justifications" for those rules. Defendants now seek to raise that merits defense at the class certification stage, filing the Hyun Report contemporaneously with their opposition to Plaintiffs' motion for class certification. Dr. Hyun claims expertise as a medical ethicist, and seeks to offer the merits-based opinion that the rules at issue in this case are "are well justified on ethical, professional, and public policy grounds." ¶ 9. Dr. Hyun claims no expertise in economics, econometrics, or any other field relevant to the question of classwide impact or other topics relevant to class certification, and his report should be stricken.

As a preliminary matter, the Hyun Report directly contradicts Defendants' central claim in opposition to class certification. Defendants and their expert economist claim (repeatedly) that the Maximum Price Rules have had little or no effect and that their removal would lead to no practical change in donor compensation. Dr. Hyun, however, predicts a cascade of increased compensation in the absence of those rules, speculating their removal will cause compensation to "slide toward donor-incentivizing rewards," ¶ 52, that they operate to "prevent a slippery slope towards an egg donation system that would seek to reward egg donors who would otherwise never consider undergoing hormonal induction and egg retrieval surgery," ¶ 46, and that they "offer the only way to discourage a full-speed slide down the slippery slope to egg donor commodification." ¶ 76. If Dr. Hyun is right, Defendants and Dr. McCarthy cannot be; if Defendants and Dr. McCarthy are right, Dr. Hyun cannot be.

These internal inconsistencies aside, the Hyun Report's various infirmities render it improper under Federal Rule of Evidence 702 and the Supreme Court's case law on the rigors of expert testimony. This Court should strike it and preclude Defendants' economic expert, Dr. Thomas McCarthy, from relying on it as a basis for his opinions.

Four separate grounds justify striking the Hyun Report, each independently sufficient. First, it primarily seeks to serve not as an expert report, but as a supplemental, merits-based brief ostensibly supporting Defendants' opposition to class certification. *See In re First Am. Corp. Erisa Litig.*, 2009 U.S. Dist. LEXIS 49141, 3 (C.D. Cal. Apr. 2, 2009) (striking report). Second, Dr. Hyun's professed area of expertise – "ethical theory and bioethics," ¶ 1, – does not qualify him to opine on what economic effect the Maximum Price Rules (or the absence thereof) would have on class members, and he is therefore unqualified to serve as an expert on the economic issues presented at the class certification stage. *Tietsworth v. Sears, Roebuck & Co.*, 2012 U.S. Dist. LEXIS 62956, 20 (N.D. Cal. May 4, 2012) (electronic engineer not qualified to opine on consumer behavior in response to electronic product defect). Third, even if this were not so, Dr. Hyun's failure to rely on anything other than his own speculation in support of his conclusions renders his opinion fundamentally unreliable. *Holesapple v. Barrett*, 5 Fed. Appx. 177, 180 (4th Cir. 2001). Finally, because Dr. Hyun openly admits his report addresses only the merits-based question of whether the Maximum Price Rules are justifiable, it is not relevant at this class certification stage, and should be stricken. *Dobrosky v. Arthur J. Gallagher Serv. Co., LLC*, 2014 U.S. Dist. LEXIS 106345, 10 (C.D. Cal. July 30, 2014).

## II. STANDARDS OF LAW

Plaintiffs challenge the Hyun Report under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). *Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 541 (C.D. Cal. 2012) ("[T]he Ninth Circuit approved the application of Daubert to expert testimony presented in support of or opposition to a motion for class certification.") (*citing Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)). "The party offering the expert bears the burden of establishing that Rule 702 is satisfied." *Id.* at 543 (quotations omitted).

A party cannot offer expert testimony merely to advocate for the parties' legal positions. Rather, a trial court must first determine if an expert possesses "appropriate qualifications — i.e., some special

knowledge, skill, experience, training or education" in the field for which he is being presented. *United States v. Boyajian*, 2013 U.S. Dist. LEXIS 116492, at *38 (C.D. Cal. Aug. 14, 2013). As interpreted by the *Daubert* Court, there is then a two-part inquiry under Rule 702 for determining the admissibility of proffered expert opinion testimony which requires consideration of whether: (1) the reasoning or methodology underlying the testimony is scientifically valid (the reliability prong); and (2) whether that reasoning or methodology properly can be applied to the facts in issue (the relevancy prong). *Daubert*, 509 U.S. at 592-93.

## III. ARGUMENT

### A. The Hyun Report is Improper Written Advocacy

"Where an 'expert report' amounts to 'written advocacy . . . akin to a supplemental brief,' a motion to strike is appropriate because this evidence is not useful for class certification purposes." *In re First Am. Corp. Erisa Litig.*, 2009 U.S. Dist. LEXIS 49141, 3 (C.D. Cal. Apr. 2, 2009). The overwhelming majority of the Hyun Report devotes itself to advocating for the propriety of the Maximum Price Rules themselves; indeed, Hyun openly admits the report seeks to demonstrate "that the ASRM guidelines are well justified on ethical, professional, and public policy grounds." ¶9.

In this process of analyzing this quintessentially merits-based question, Hyun first seeks to argue for a particular interpretation of the "specific wording of the Ethics Committee's recommendation." ¶29. Based on this reading, Dr. Hyun then argues the Maximum Price Rules do "not set strict payment limits on donor compensation" because the word "appropriate" should be read loosely, ¶31, and from that concludes that "the main concern is not a specific dollar amount of the compensation itself." ¶32.[1] Dr. Hyun's report then seeks to provide dozens of pages of reasons arguing those rules are justified for "ethical, moral, and public policy" grounds. It presents no other opinions of note.

Because Dr. Hyun's report is nothing more than dressed-up "written advocacy," his opinion offers nothing more than "legal conclusions regarding issues to be decided by the Court." *Williams v. Lockheed Martin Corp.*, 2011 U.S. Dist. LEXIS 58716, at *46 (S.D. Cal. June 1, 2011). Such advocacy is the province of lawyers, not experts, and courts condemn "the engagement of 'expert' witnesses

---

[1] Ironically, Dr. Hyun then devotes significant portions of his report seeking to justify the "specific dollar amount of the compensation itself."

whose intended role is more to argue the client's cause from the witness stand than to bring to the fact-finder specialized knowledge or expertise that would be helpful in resolving the issues of fact presented by the lawsuit." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 538 (S.D.N.Y. 2004). This "Court is capable of discerning the facts, law, and ethical considerations without the assistance of an expert," and it should strike the Hyun Report. *Bridgeview Health Care Ctr. v. Clark*, 2012 U.S. Dist. LEXIS 184089, at *10 (N.D. Ill. Sept. 27, 2012) (striking expert ethicist report offered in opposition to class certification in antitrust class action); *see also Williams*, 2011 U.S. Dist. LEXIS 58716, at *46 (striking report on topics "well within the comprehension of [the] Court.").

### B. Dr. Hyun Lacks Qualifications to Opine on Topics Relevant to Class Certification

To be qualified, an expert must possess "specialized knowledge" relevant to the subject of his testimony. *Tietsworth v. Sears, Roebuck & Co.*, 2012 U.S. Dist. LEXIS 62956, at *20 (N.D. Cal. May 4, 2012). "[T]he fact that an expert is qualified in a particular field or discipline does not automatically qualify that expert in related disciplines." *United States v. Boyajian*, 2013 U.S. Dist. LEXIS 116492, at *38 (C.D. Cal. Aug. 14, 2013); *see also Tietsworth*, 2012 U.S. Dist. LEXIS 62956, at *26 (electronic engineer not qualified to opine on consumer behavior in response to electronic product defect).

While his report does not support it, Defendants (and their economist) cite to Dr. Hyun's report for a relatively singular point: to support their claim that "variation in compensation" to egg donors is "derived in part from individualized ethical decisions." Opp. at 5. While Defendants' economist concedes the irrelevancy of this argument – noting it would persist identically in the but-for and actual worlds[2] – Dr. Hyun is not an economist, claims no expertise in economic training, and lacks the qualifications to opine on the actual effect these purported "individualized ethical decisions" have on donor compensation. "Without training in these disciplines, it appears that [his claims about economic effects of the Maximum Price Rules] are not based in specialized experience refined by training or expertise, and are therefore not distinguishable from 'impressionistic generalizations' based on nothing more than personal experience." *United States v. Boyajian*, 2013 U.S. Dist. LEXIS 116492, 44 (C.D.

---

[2] *See* Plaintiffs' Reply Memorandum In Support of Class Certification at p.1 n.1.

Cal. Aug. 14, 2013). This is why his report fails for the most part to discuss what effect his purported area of expertise would have on compensation in either the real or but-for worlds.

Notably, Dr. Hyun does not claim otherwise: he acknowledges that Defendants requested he "describe the ethical issues surrounding egg donor compensation for fertility treatment and to explain the purposes and value of having professional ethical guidelines in general, and in particular the purposes and value of the American Society for Reproductive Medicine ("ASRM") guidelines for egg donor compensation." ¶4. He never suggests he is qualified to opine on the *economic effects* of those rules, nor to opine on what would happen in a but-for world where those rules never existed, nor on any other topic relevant to class certification. He accordingly lacks the necessary qualifications to serve as an expert witness at the class certification stage, and his report should be stricken. *Cf. In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d at 538 (experts who "lend their credentials and reputations to the party who calls them without bringing much if any relevant knowledge to bear on the facts actually at issue" incompetent to testify.)

C. **Dr. Hyun's Report is Unreliable**

Even if Dr. Hyun's report could be read to address compensation in the real or but-for world, it would not do so with sufficient reliability to avoid being stricken. Expert opinion is properly accepted only if it is "the product of reliable principles and methods" and "based on sufficient facts or data." Fed. R. Evid. 702. If an expert's conclusions do not rest on proper analysis or methodology, the experts' testimony must be excluded. *Cholakyan*, 281 F.R.D. at 547. In other words, an expert's analysis requires more than "it is so because I say it is so." *Holesapple v. Barrett*, 5 Fed. Appx. 177, 180 (4th Cir. 2001).

Dr. Hyun's testimony relies on no analysis that the Court can deem reliable. To the extent Dr. Hyun means to suggest the various ethical considerations he believes justify the Maximum Price Rules would affect the price of donor services in the but-for world, those conclusions are not based on surveys, interviews, or anything else concrete.[3] Rather, he merely speculates that, in the but-for world, "there is

---

[3] This may explain Dr. Hyun's internal contradictions. *Compare* ¶ 73 (claiming "the time, effort, and discomfort involved does not vary so drastically across egg donors") *with* ¶ 36 ("[T]here could be differences in the amount of time, effort, and inconvenience involved for an egg donor depending on the policies adopted by the fertility clinic responsible for her care.").

no assurance that compensation will not slide toward donor-incentivizing rewards," ¶ 52, relying not on facts or record evidence, but rather on nothing more than his own designation as an expert and his personal beliefs. *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 543 (S.D.N.Y. 2004) (opinions "concerning purported ethical standards" based on "personal, subjective views" do "not meet the core requirement of Rule 702 that expert testimony rest on 'knowledge,' a term that 'connotes more than subjective belief or unsupported speculation.'").

The personal anecdotes, academic literature, and other professional organizations' rules Dr. Hyun relies on are insufficient. None of the other professional rules Dr. Hyun identifies require a specific compensation range (as the Maximum Price Rules do), including those he himself wrote; even if they did, he would still be required to propose principles or methodologies tying those sources to the question at hand, *i.e.* whether a class-wide methodology exists for proving impact. Under these circumstances, Dr. Hyun's testimony is not the product of reliable principles or methods, nor based on sufficient facts or data, and his declaration should be stricken.

### D. Dr. Hyun's Report is Irrelevant

At class certification, expert "testimony must be relevant in assessing 'whether there was a common pattern and practice that could affect the class as a whole.'" *Cholakyan*, 281 F.R.D. at 543. If an experts' report fails to meet this criteria, it is appropriately stricken. *Id.*

Here, the Hyun Report "does not address commonality, typicality, adequacy, predominance or any of the other issues relevant to class certification and thus is irrelevant." *Dobrosky v. Arthur J. Gallagher Serv. Co., LLC*, 2014 U.S. Dist. LEXIS 106345, 10 (C.D. Cal. July 30, 2014). Rather, Hyun opines on "questions which are only relevant to the merits of this action," *id.* at *9 – *i.e.* advocating that the Maximum Price Rules are "justified on ethical, professional, and public policy grounds." ¶¶ 9, 80. The question of whether the Maximum Price Rules are "justified" on *legal* grounds is not at issue at this stage; rather, it is an issue easily capable of class-wide resolution that will be determined later. Thus, "[a]s applied to the class certification motion, [Dr. Hyun's] opinions are an unhelpful summary of evidence and legal conclusions regarding issues that are not currently before the Court." *Id.* at *10.

Indeed, even if submitted at the merits stage, Dr. Hyun's report would be improper.[4] The Supreme Court has held that an attempt to justify an anticompetitive restraint "on the basis of the potential threat that competition poses to the public safety and the ethics of its profession is nothing less than a frontal assault on the basic policy of the Sherman Act." *Nat'l Soc'y of Prof'l Engineers*, 435 U.S. at 695. Accordingly, the argument that a "restraint on price competition ultimately inures to the public benefit by . . . insuring ethical behavior" necessarily fails, as such a justification has nothing to do with competition. *Id.* at 695; *see also Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1152 (9th Cir. 2003) (same). Defendants' speculation that some donors may be tempted to misrepresent their health does not change this. The "equation of competition with deception, like the similar equation with safety hazards, is simply too broad." *Id.* at 696 ("[W]e may assume that competition is not entirely conducive to ethical behavior, but that is not a reason, cognizable under the Sherman Act, for doing away with competition.").

## IV. CONCLUSION

Dr. Hyun's report fails to address issues relevant to class certification, lacks reliable foundation, and is presented for propositions on which Dr. Hyun lacks qualification to opine. It seeks to buttress Defendants' position on the fundamentally merits-based (and class-wide) question of whether the

---

[4] Courts commonly exclude ethical experts at the merits stage of proceedings. *See, e.g. Dibella v. Hopkins*, 403 F.3d 102, 121 (2d. Cir. 2005) (excluding expert testimony that it was unethical to solicit payment because real issue was whether payment was bribe and whether recipient believed it was bribe); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 544 (S.D.N.Y. 2004) ("The principal issues here are whether the defendants breached their legal duties to the plaintiffs in the manufacturing, labeling and marketing of Rezulin and, if so, whether any such breaches were proximate causes of injury. While the defendants may be liable in the court of public opinion, or before a divine authority for any ethical lapses, expert opinion as to the ethical character of their actions simply is not relevant to these lawsuits."); *In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, 2009 U.S. Dist. LEXIS 40248, at *18 (D. Kan. May 12, 2009) ("Dr. Strudler opines that Cessna failed to act as a conscientious corporation, maintained a defective corporate culture, violated fundamental principles of ethics and compromised basic moral rights. These opinions would not assist the jury; they are not directly relevant to plaintiffs' product liability claims and they may tend to mislead or confuse the jury."); *Concord Boat Corp. v. Brunswick Corp.*, 1998 U.S. Dist. LEXIS 23663, 8 (E.D. Ark. Mar. 2, 1998) ("The subjects on which Hoffman has opinions essentially deal with the ethical nature of the conduct and about whether it was right or wrong. The jury, by application of common sense and drawing on its own collective experience, can resolve those issues without the assistance of expert testimony.").

Maximum Price Rules are justifiable. Defendants cannot meet their burden of showing it should be accepted, and this Court should accordingly strike it.

Dated: August 29, 2014  Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By: /s/ Rosemary M. Rivas
 Rosemary M. Rivas

505 Montgomery Street, Suite 300
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Douglas G. Thompson
dthompson@finkelsteinthompson.com
Michael G. McLellan
mmclellan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150
Washington, DC 20007
Telephone: 202-337-8000
Facsimile: 202-337-8090

Bryan L. Clobes
bclobes@caffertyclobes.com
Ellen Meriwether
emeriwether@caffertyclobes.com
**CAFFERTY CLOBES MERIWETHER
 & SPRENGEL LLP**
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Telephone: 215-864-2800
Facsimile: 215-864-2810

*Co-Lead Interim Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I, Anita Rivas, declare as follows:

I am employed by Finkelstein Thompson LLP, 505 Montgomery Street, Suite 300, San Francisco, California 94111. I am over the age of eighteen years and am not a party to this action. On August 29, 2014, I served the following document(s):

1. **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE CLASS CERTIFICATION REPORT OF INSOO HYUN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[X]    **BY CM/ECF ELECTRONIC SERVICE:** Electronically filing the foregoing with the Clerk of the Court using the CM/ECF system sent notification of such filing to the e-mail addresses of registered participants.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct. Executed this 29th day of August, 2014 at San Francisco, California.

_____
Anita Rivas