UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY KAMAKAHI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE, et al.,<br><br>　　　　Defendants. | Case No. 11-cv-01781-JCS<br><br>**ORDER TO SHOW CAUSE WHY MOTIONS TO FILE DOCUMENTS UNDER SEAL SHOULD NOT BE DENIED**<br><br>Re: Dkt. No. 150, 151 |

## I.   INTRODUCTION

Both parties in this case have submitted administrative motions to filed documents under seal. Plaintiffs' motion (dkt. 151) fails to comply with this Court's Local Rule 79-5(e), which governs filing material designated as confidential by another party under seal. In order to protect the interests of third parties, and for the reasons discussed below, Plaintiffs are ORDERED to show compliance with the Local Rule.

Defendants' motion (dkt. 150) complied with the Local Rule by indicating that the material therein had been designated as confidential by Plaintiffs, but Plaintiffs' declaration in response fails to make an adequate showing that filing under seal is warranted. The Court would ordinarily deny Defendants' motion due to Plaintiffs' inadequate showing. Here, however, the material at issue appears to be related to the material covered by Plaintiffs' motion, and thus may implicate the interests of the same third parties. Plaintiffs are therefore ORDERED to show cause why Defendants' motion should not be denied.[1]

## II.   LEGAL STANDARD

In order to file documents related to a non-dispositive motion under seal, a party must

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

make "a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c)." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). This Court's Civil Local Rules provide that such showing should be made by declaration, and that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." L.R. 79-5(d)(1)(A). However, when a document contains information that an opposing party or non-party has designated as confidential, the submitting party may meet its burden by following the procedure set forth in Local Rule 79-5(e):

> **(e) Documents Designated as Confidential or Subject to a Protective Order.** If the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order, or a document containing information so designated by an opposing party or a non-party, the Submitting Party's declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential ("the Designating Party"). The declaration must be served on the Designating Party on the same day it is filed and a proof of such service must also be filed.

L.R. 79-5(e). The burden shifts to the Designating Party to submit a declaration within four days showing good cause why the material should be filed under seal. L.R. 79-5(e)(1).

### III.  PLAINTIFFS' MOTION TO FILE UNDER SEAL

Plaintiffs Lindsay Kamakahi and Justine Levy have filed an administrative motion ("Plaintiffs' Sealing Motion," dkt. 151) to file under seal a supplemental report by Dr. Hal. J. Singer, Ph.D., in support of class certification, as an exhibit to Plaintiffs' administrative motion for leave to file that report after the deadline for such filings (dkt. 151-3). Although Plaintiffs state that they "have reviewed and complied with Local Rule 79-5," Pls.' Sealing Mot. at 2, the documents filed with the Sealing Motion are not consistent with that conclusion.

Plaintiffs state that the supplemental report "contains information and data that has been designated confidential by third parties" pursuant to the Stipulated Protective Order in this case. *Id.* Local Rule 79-5(e) therefore applies. Plaintiffs' submission is deficient because (1) the accompanying Declaration of Michael G. McLellan (dkt. 151-1) fails to identify the Designating

Party or Parties; and (2) Plaintiffs filed no proof that they served the McLellan Declaration on any Designating Party.[2]

As it stands, the Motion does not provide the "particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c)" that is required to file non-dispositive documents under seal. *See In re Midland*, 686 F.3d at 1119. The McLellan Declaration states only that the supplemental report "contains information and data that has been designated confidential by third parties." McLellan Decl. ¶ 2. Under this Court's Local Rules, "[r]eference to a stipulation or protective order . . . is not sufficient." L.R. 79-5(d)(1)(A). Without any indication that the Designating Party or Parties were given notice of the filing, however, the Court is unable to determine whether such parties had an opportunity to provide the necessary showing of good cause.

Plaintiffs are therefore ORDERED to show compliance with Local Rule 79-5 no later than November 18, 2014. If Plaintiffs fail to do so, the Court will disregard Plaintiffs' motion to file the supplemental report, pursuant to Local Rule 79-5(f)(2). If Plaintiffs comply with the Local Rule, the Designating Party or Parties will have four days from the date of Plaintiffs' compliance to file their declarations pursuant to Local Rule 79-5(e)(1).

## IV. DEFENDANTS' MOTION TO FILE UNDER SEAL

Defendants American Society for Reproductive Medicine and the Society for Assisted Reproductive Technology seek leave to file under seal a motion to exclude the opinions of Dr. Singer on class certification (the "Motion to Exclude," dkts. 151-4, 151-5), including as an exhibit a transcript of Dr. Singer's deposition. Dkt. 150. Defendants redacted the entire deposition transcript and portions of the Motion to Exclude that were derived from the deposition. *See id.* Defendants complied with Local Rule 79-5 by submitting a declaration indicating that Plaintiffs' had designated the deposition transcript as confidential, and by serving Plaintiffs with a copy of that declaration.

In response, Plaintiffs submitted a declaration waiving any claim to confidentiality as to

---

[2] Plaintiffs' Proof of Service (dkt. 151-7) indicates that they served the Sealing Motion and accompanying documents on defense counsel, but does not indicate service on any third parties.

1  certain portions of the Motion to Exclude, but asserting that public disclosure of other portions of
2  the Motion, as well as the entire deposition transcript, "would create a risk of injury to Plaintiffs or
3  third-parties under Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 79-5(b)."
4  McClellan Response Decl. (dkt. 153-1). This conclusory assertion does not meet the standard of
5  "reasonable particularity" required to show good cause for filing under seal. *See In re Midland*,
6  686 F.3d at 1119.

7  The Court has reviewed the portions of the Motion to Exclude that Plaintiffs claim should
8  be sealed, and finds no cause to do so. On page 6, lines 19 through 20 describe Dr. Singer's
9  methodology in comparing compensation between fertility clinics. On page 7, footnote 3 quotes
10 Dr. Singer's response to hypothetical questions regarding the significance of "geographic
11 differences" in comparing fertility clinics. On page 13, lines 3 through 9 discuss Dr. Singer's
12 methodology and assumptions in determining whether a fertility clinic complied with the Ethical
13 Report at issue in this case. On page 14, lines 9 through 10 summarize and restate the un-redacted
14 information provided immediately above those lines. Plaintiffs have provided no explanation as to
15 how disclosure of any of this material risks injury to Plaintiffs or any other party, and the Court
16 finds no risk apparent on the face of the purportedly confidential passages.

17 Plaintiffs also fail to identify any confidential portion of the deposition transcript with
18 particularity. Plaintiffs' assertion that the entire transcript must be sealed is inconsistent with
19 Plaintiffs' consent to disclose several portions of the Motion to Exclude that quote directly from
20 the transcript. *E.g.*, Mot. to Exclude at 8 n.4. Plaintiffs' failure to identify which portions of the
21 transcript are sealable is therefore inconsistent with Local Rule 79-5(d)(1)(B), which requires that
22 any motion to seal must be "narrowly tailored to seal only the sealable material." Even setting
23 aside that apparent inconsistency, the conclusory assertion of risk in the McClellan Response
24 Declaration fails to demonstrate with reasonable particularity good cause why the entire deposition
25 transcript should be sealed. *See* dkt. 153-1.

26 Normally, if a Designating Party fails to file a sufficient responsive declaration, the motion
27 to file under seal would be denied and the submitting party would be free to file the documents at
28 issue in the public record. *See* L.R. 79-5(e)(2). Here, however, the challenged material relates to

4

testimony by the same expert whose supplemental report is at issue in Plaintiffs' Sealing Motion discussed above. The Court therefore has reason to believe that the deposition transcript, and perhaps the Motion to Exclude, may contain confidential information of the same third parties who have not been given an opportunity to protect their interests. Accordingly, Plaintiffs are ORDERED to show cause why Defendants' Sealing Motion should not be denied, and why Defendants should not be instructed to file their Motion to Exclude and Dr. Singer's deposition transcript in the public record.

## V. CONCLUSION

For the reasons discussed above, Plaintiffs are hereby ORDERED to show compliance with Local Rule 79-5 and to show cause why both Sealing Motions should not be denied, no later than November 19, 2014.

**IT IS SO ORDERED.**

Dated: November 13, 2014

JOSEPH C. SPERO
United States Magistrate Judge