UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY KAMAKAHI,<br>Plaintiff,<br>v.<br>AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE, et al.,<br>Defendants. | Case No. 11-cv-01781-JCS<br><br>**ORDER REGARDING MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 150, 151, 157 |

## I. DEFENDANTS' OCTOBER 31 MOTION TO FILE UNDER SEAL

On November 13, 2014, the Court issued an Order to Show Cause ("OSC") why two motions to file documents under seal should not be denied (dkt. 156), one of which was Defendants' motion (dkt. 150) to file under a seal a motion to exclude Plaintiffs' expert report. Defendants' only basis for filing under seal was that Plaintiffs had designated certain material as confidential. *See id.* Plaintiffs filed a declaration in response asserting that portions of that material should be sealed. Dkt. 153. In the OSC, the Court found that declaration insufficient. Plaintiffs have now withdrawn their claims of confidentiality as to the subject matter of Defendants' sealing motion. Dkt. 158. Plaintiffs also stated that they do not believe the documents at issue contain confidential information of third parties, but in an abundance of caution have now served the documents on all third parties named therein. Plaintiffs request that the Court refrain from ruling on that motion until those third parties have had an opportunity to respond. Accordingly, in an abundance of caution, the Court will not resolve that motion before November 24, 2014.

## II. PLAINTIFFS' NOVEMBER 3 MOTION TO FILE UNDER SEAL

The other sealing motion addressed by the OSC was Plaintiffs' motion (dkt. 151) to file a supplemental expert report under seal, as an exhibit to another administrative motion seeking leave

to file the report notwithstanding the applicable schedule for such filing. The only stated basis for filing under seal was that a third party had designated certain material as confidential. Plaintiffs initially failed to include proof of service as to that third party, *see* Civ. L.R. 79-5(e), but have now provided proof that the third party was served on November 4, 2014. Dkt. 158 at 6. The deadline for that party to submit a declaration pursuant to Local Rule 79-5(e)(1) has passed without any such filing. Nevertheless, on further review, the Court is satisfied that there is "'good cause' under Federal Rule of Civil Procedure 26(c)" to seal Plaintiffs' proposed supplemental expert report. *See In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Plaintiffs' motion to file under seal (dkt. 151) is therefore GRANTED. This Order does not address the underlying administrative motion regarding the timeliness of that report.

### III. PLAINTIFFS' NOVEMBER 14 MOTION TO FILE UNDER SEAL

On November 14, 2014, Plaintiffs filed another motion to file under seal (dkt. 157), this one pertaining to Plaintiffs' Opposition to Defendants' Motion to Exclude. Plaintiffs stated that Defendants had designated certain material at issue as confidential. *Id.* Defendants filed a declaration in response on November 18, 2014 (dkt. 159), waiving any claim to confidentiality as to most of that material, but asserting that deposition excerpts attached as Exhibit 5 contain "discussion of sensitive and confidential compensation practices of SART member clinics," disclosure of which would cause commercial harm. The Court has reviewed the exhibit at issue and finds this explanation sufficient. Plaintiffs' November 14 motion to file under seal (dkt. 157) is therefore GRANTED as to Exhibit 5 only, and otherwise DENIED. Plaintiffs are instructed to file unredacted versions of their Opposition and Exhibits 1, 2, 3, 4, and 6 within seven days pursuant to Local Rule 79-5(f).

**IT IS SO ORDERED.**

Dated: November 19, 2014

JOSEPH C. SPERO
United States Magistrate Judge

2