1
2
3
4                           UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7    LINDSAY KAMAKAHI,                        Case No.  11-cv-01781-JCS
8              Plaintiff,
9         v.                                  ORDER GRANTING
                                              ADMINISTRATIVE MOTION FOR
10   AMERICAN SOCIETY FOR                     LEAVE TO FILE SUPPLEMENTAL
     REPRODUCTIVE MEDICINE, et al.,           REPORT AND DENYING
11                                            ADMINISTRATIVE MOTION TO
               Defendants.                    STRIKE *DAUBERT* MOTION
12                                            Re: Dkt. Nos. 151-3, 152
13   **I.     INTRODUCTION**
14          The parties dispute the timeliness and propriety of two documents filed, or sought to be
15   filed, in relation to Plaintiffs' pending motion for class certification.  On November 3, 2014,
16   Plaintiffs moved for leave to file a supplemental report by their expert, Dr. Hal Singer.  Pls.'
17   Admin. Mot. for Leave to File Supp'l Report ("Mot. to File," dkt. 151-3).  The same day,
18   Plaintiffs moved to strike as untimely Defendants' October 31 motion to exclude Dr. Singer's
19   previously filed reports pursuant to *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579
20   (1993).  Pls.' Admin. Mot. to Strike Defs.' Mot. to Exclude ("Mot. to Strike," dkt. 152).
21   Defendants oppose both of these administrative motions.  For the reasons discussed below,
22   Plaintiffs' motion to file a supplemental expert report is GRANTED, and Plaintiffs' motion to
23   strike Defendants' motion is DENIED.[1]
24   **II.    MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPORT**
25          Plaintiffs acknowledge that their filing of Dr. Singer's supplemental report does not
26   conform to the scheduling order entered in this case.  Mot. to File at 2.  The parties had stipulated

27   ───────────────
28   [1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28
     U.S.C. 636(c).

United States District Court
Northern District of California

that Plaintiffs would file their initial expert report(s) with their motion for class certification by April 25, 2014, and would file "any rebuttal declarations from any class certification experts by August 29, 2014," the same deadline as for Plaintiffs' reply brief.  *See* Joint Stipulation and Order Regarding Scheduling (dkt. 113).  Plaintiffs now argue that there is good cause to modify the scheduling order pursuant to Rule 16(b)(4) because "the data analyzed in the Supplemental Report was not produced to Plaintiffs [by a non-party egg donation egency] until after Dr. Singer submitted his Reply Report."  Mot. to File at 2.  Plaintiffs assert that they served a subpoena on the non-party donation agency in March of this year, engaged in prolonged email communication with the donation agency's chief executive officer (who was not willing to confer by telephone after an initial teleconference in April), and did not receive the data at issue until after Dr. Singer's reply report was due and filed on August 29, 2014.  *See generally id.*; Rasche Decl. (dkt. 151-4).

". . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Plaintiffs argue that they could not reasonably submit the analysis contained in the supplemental report before the expert report deadline due to the donation agency's delayed production of documents.  Defendants argue that Plaintiffs should have served their subpoena earlier (discovery commenced in July of 2013), and that Plaintiffs have failed to explain the approximately one-month delay between receiving the data and filing the supplemental report.  *See* Opp'n to Mot. to File (dkt. 155) at 1−2.  Defendants also argue that they would be prejudiced by allowing the supplemental report because they were not able to obtain discovery to challenge Dr. Singer's supplemental opinions.

The Court finds Plaintiffs showing of good cause sufficient.  Although Plaintiffs could perhaps have served their subpoena earlier, a party is not expected to serve all discovery requests at the outset of the discovery period, but instead naturally follows leads obtained from earlier discovery to determine what further requests are warranted.  Here, it was reasonable for Plaintiffs to expect that the donation agency would respond to the subpoena in time to incorporate that data into at least Dr. Singer's timely filed rebuttal report more than five months after the subpoena was

served.  It is also not unreasonable that Dr. Singer took some time to analyze the data before filing his supplemental report.  Plaintiffs should have alerted Defendants—and, if necessary, the Court—sooner regarding the anticipated supplemental report, but the Court is satisfied that Plaintiffs' failure to meet the filing deadlines was outside of Plaintiffs' control.

Defendants' claim to prejudice is not sufficient to deny Plaintiffs' request.  The supplemental report applies the same methodology used in Dr. Singer's earlier reports to the newly-discovered data.   Defendants have not set forth any specific discovery they would have pursued if Dr. Singer's supplemental analysis had been filed earlier.

Plaintiffs' motion for leave to file Dr. Singer's supplemental report is therefore GRANTED, and the supplemental report is deemed filed.  The Court will consider the arguments addressed in Defendants' Opposition and the evidence attached thereto in evaluating whether Dr. Singer's opinions should be excluded under *Daubert* (*see* Defs.' Mot. to Exclude, dkt. 165) and, if not excluded, the weight Dr. Singer's opinions should be afforded.

Plaintiffs have stated that they do not object to Defendants' filing a short supplemental expert report addressing issues raised by Plaintiffs' supplemental report.  If Defendants choose to file such a report, they may do so **no later than January 9, 2015**, and their report may not exceed ten double-spaced pages.  The Court's November 20, 2014 order regarding further substantive filings otherwise remains in place.

### III.   MOTION TO STRIKE MOTION TO EXCLUDE EXPERT REPORT

Defendants filed a motion to exclude Dr. Singer's opinions under *Daubert* and Rule 702 of the Federal Rules of Evidence on October 31, 2014.  *See generally* Defs.' Mot. to Exclude (dkt. 165).[2]  Plaintiffs argue that Defendants' motion is untimely under Civil Local Rule 7-3(d), which provides that "no additional memoranda, papers or letters may be filed" after the reply to a motion without leave of the court, except that objections to new evidence submitted with the reply may be

---

[2] Defendants initially moved to file this motion under seal based on material that Plaintiffs had designated as confidential.  *See* dkt. 150.  The Court denied the administrative motion to file under seal, and Defendants filed an unredacted version of their motion pursuant to the Court's instructions and Civil Local Rule 79-5(e)(2) on December 9, 2014.  The Court deems the motion filed on October 31, 2014 when Defendants sought leave to file under seal.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  filed within seven days of the reply.[3]  *See* Civ. L.R. 7-3(d), (d)(1); Mot. to Strike.  Here,

2  Defendants' motion was filed sixty-three days after Plaintiffs' reply.  Defendants contend that

3  their motion is not subject to Local Rule 7-3(d) because "[i]t is a separate motion," as opposed to

4  supplementary material related to Plaintiffs' motion for class certification.  Opp'n to Mot. to

5  Strike (dkt. 154) at 1.

6       Defendants' argument on this point is not persuasive.  Local Rule 7-3(a) states that "[a]ny

7  evidentiary and procedural objections to [a] motion must be contained within the [opposition]

8  brief or memorandum."  Local Rule 7-3(d)(1) provides seven days to file "an Objection to Reply

9  Evidence."  Defendants explicitly state that their motion "challenges [Plaintiffs' expert reports]

10  under Rule 702 of the Federal Rules of Evidence."  Opp'n to Mot. to Strike at 1.  Local Rules

11  7-3(a) and 7-3(d) therefore apply.  *See Adobe Sys. Inc. v. Wowza Media Sys., LLC*, No. C 11-2243

12  CW, 2013 WL 450626, at *1 (N.D. Cal. Feb. 4, 2013) (holding that Local Rule 7-3(a) governs

13  evidentiary objections based on *Daubert*); *see also In re Apple iPod iTunes Antitrust Litig.*, No.

14  05-CV-0037 YGR, 2014 WL 4809288, at *9 n.11 (N.D. Cal. Sept. 26, 2014) (implying the same,

15  at least so long as the motion does not request sanctions under Local Rule 7-8).

16       Defendants argue that applying Rule 7-3(d)—in particular, the seven-day and five-page

17  limitations of Rule 7-3(d)(1)—would lead to an "absurd result" in cases such as this, where a class

18  certification motion depends on lengthy expert reports potentially subject to *Daubert* objection.

19  *Id.* at 2.  That may be so, but if the parties wished to alter the structure imposed by the Local

20  Rules, they should have addressed the timing and procedure for *Daubert* motions in their

21  stipulated schedule.  *See* Joint Stipulation and Order Regarding Scheduling (failing to address

22  *Daubert* motions).

23       Although Defendants' motion was untimely under Rule 7-3(d), the Court nevertheless

24  declines to strike it.  Plaintiffs argue that allowing the motion would cause prejudice because of

25  the proximity to the hearing, Mot. to Strike at 4, but any such prejudice has been cured by the

26  Court's continuance of the hearing, *see* dkt. 161.  Plaintiffs also assert that they cannot take

27

28  ---
[3] Local Rule 7-3(d)(2), which is not relevant here, also permits counsel to bring newly-published judicial opinions to the attention of the court.

United States District Court
Northern District of California

discovery related Defendants' motion because the discovery period has closed, but fail to identify any further discovery that would be relevant.  Mot. to Strike at 4.  Finally, Plaintiffs argue that the motion to exclude improperly contains arguments addressing the substances of Plaintiffs' class certification motion.  *Id.* at 4−7.  Each of Defendant's arguments that Plaintiffs identify, however, is sufficiently related to the fitness of Dr. Singer's expert opinions to be properly included in a *Daubert* challenge.  *See id.* (addressing, e.g., Defendants' arguments relating to the sources of evidence on which Dr. Singer chose to rely).

The strongest consideration against granting Plaintiffs' motion to strike, however, is simply a matter of fairness: Plaintiffs themselves filed a freestanding *Daubert* motion (dkt. 133) objecting to a report by Defendants' expert Dr. Insoo Hyun.  Plaintiffs' motion no more complies with the local rules than Defendants' motion does.  *See* Civ. L.R. 7-3(c) (requiring that objections to evidence presented in an opposition be included within the reply brief).  Plaintiffs' administrative motion to strike is therefore DENIED.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs' administrative motion for leave to file is GRANTED, and Plaintiffs' administrative motion to strike is DENIED.  Other than Defendants' supplemental expert report discussed above (should they choose to file such a report), no further briefing or substantive filings will be accepted before the hearing scheduled to occur on January 23, 2015.  *See* dkt. 161.  The Court will address the parties' *Daubert* arguments and the underlying motion for class certification at the hearing.

Going forward, both parties are instructed to comply with all applicable rules and orders, including this Court's Local Rules and any scheduling orders entered in this action.  To the extent that further deviation may be necessary and warranted, the parties must confer regarding any foreseeable issues in a timely manner.

**IT IS SO ORDERED.**

Dated: December 15, 2014

JOSEPH C. SPERO
United States Magistrate Judge