Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Michael G. McLellan (admitted *pro hac vice*)
mmclellan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150
Washington DC, 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

Co-Lead Counsel for Plaintiffs

[Additional Counsel listed on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY KAMAKAHI and JUSTINE LEVY, individually, and on behalf of themselves and all others similarly situated, | Case No.  3:11-CV-1781 JCS |
| Plaintiffs, | **CHELSEY KIMMEL AND KRISTIN WELLS' NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF AN INJUNCTIVE CLASS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE and SOCIETY FOR ASSISTED REPRODUCTIVE TECHNOLOGY. | |
| Defendants. | **Judge:**    Hon. Joseph C. Spero<br>**Date**:      September 11, 2015<br>**Time:**     9:30 a.m.<br>**Courtroom:** Courtroom G, 15th Floor<br>455 Golden Gate Ave.<br>San Francisco, CA 94102 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on September 11, 2015 at 9:30 a.m., Chelsey Kimmel and Kristin Wells ("Proposed Representatives") will and hereby do move the Honorable Joseph C. Spero, at San Francisco Courthouse, Courtroom G, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA, 94102, for an Order certifying the following class for injunctive relief pursuant to Fed. R. Civ. P. 23(a) and (b)(2):

> All women within the certified Class who intend to sell Donor Services in the future to or through any clinic or AR agency agreeing to follow the Maximum Price Rules established by Defendants.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, all the pleadings and documents on file in this action, and such other matters as may be presented to the Court.

Dated: June 3, 2015

Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By: /s/ Rosemary M. Rivas
    Rosemary M. Rivas

One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Douglas G. Thompson
dthompson@finkelsteinthompson.com
Michael G. McLellan
mmclellan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150
Washington, DC 20007
Telephone: 202-337-8000
Facsimile: 202-337-8090

Bryan L. Clobes
bclobes@caffertyclobes.com
Ellen Meriwether

1

emeriwether@caffertyclobes.com

**CAFFERTY CLOBES MERIWETHER**
 **& SPRENGEL LLP**
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Telephone: 215-864-2800
Facsimile: 215-864-2810

*Co-Lead Counsel For Plaintiffs*

NOT. OF MOT. AND MOT. FOR CLASS CERTIFICATION
CASE NO. 11-CV-1781 (JCS)

**TABLE OF CONTENTS**

I.     INTRODUCTION AND BACKGROUND ........................................................................1

II.    PROPOSED REPRESENTATIVES HAVE STANDING TO REPRESENT A CLASS
       SEEKING INJUNCTIVE RELIEF................................................................................3

III.   THE PROPOSED CLASS SATISFIES THE REQUIRMENTS FOR CERTIFICATION
       UNDER RULE 23(b)(2).................................................................................................6

   A.  Standards of Law for Class Certification..................................................................6

   B.  This Court Has Already Found that the Numerosity and Commonality Requirements are
       Satisfied....................................................................................................................7

   C.  Proposed Injunctive Representatives Are Adequate and Typical...............................8

   D.  The Proposed Class Satisfies Rule 23(b)(2)..............................................................8

      i.  Rule 23(b)(2) Standards........................................................................................8

      ii. Rule 23(b)(2) Is Satisfied......................................................................................9

IV.    CONCLUSION.............................................................................................................10

i

# TABLE OF AUTHORITIES

## Cases

*Arnott v. United States Citizenship & Immigration Servs.*, 290 F.R.D. 579 (C.D. Cal. 2012) ................. 6

*Baby Neal for and by Kanter v. Casey*, 43 F.3d 48 (3rd Cir. 1994) ........................... 9

*Bates v. UPS*, 511 F.3d 974 (9th Cir. 2007) ....................................... 5

*Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011) ............................ 4

*Gray v. Golden Gate Nat'l Rec. Area*, 279 F.R.D. 501 (N.D. Cal. 2011) .................................. 9

*Hanon v. Data Products Corp.*, 976 F.2d 497 (9th Cir. 1992) ............................... 1

*Hernandez v. County of Monterey*, 2015 U.S. Dist. LEXIS 11396 (N.D. Cal. Jan. 29, 2015) ................. 7

*I.B. v. Facebook, Inc.*, 2015 U.S. Dist. LEXIS 29357 (N.D. Cal. Mar. 10, 2015) ........................ 4

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 U.S. Dist. LEXIS 160739  (N.D. Cal. Nov. 8, 2013) ........................................... 3, 10

*In re Rubber Chems. Antitrust Litig.*, 232 F.R.D. 346 (N.D. Cal. 2005) .................................... 7

*Joyce v. City & County of San Francisco*, 1994 U.S. Dist. LEXIS 20264 (N.D. Cal. Aug. 4, 1994) ........ 6

*Kamakahi v. Am. Soc'y for Reprod. Med.*, 11-1781, 2015 U.S. Dist. LEXIS 54842 (N.D. Cal. Apr. 27, 2015) ................................................. 2

*Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164 (N.D. Cal. 2015) ............ 1, 2, 3, 4, 5, 6, 7, 8, 9

*Kamakahi, v. A.S.R.M.*, No. 15-80026 (9th Cir.), ECF #8 ................................ 1

*Lewis v. Casey*, 518 U.S. 343 (1996) ............................................. 6

*Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 140 F.3d 1228 (9th Cir. 1998) ........................... 5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................... 3

*Marilley v. Bonham*, 2012 U.S. Dist. LEXIS 33678 (N.D. Cal. Mar. 13, 2012) ....................................... 5

*Mazza v. American Honda Motor Corp.*, 666 F.3d 581 (9th Cir. 2012) ........................... 7

*Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*, 246 F.R.D. 621 (C.D. Cal. 2007) ............................................. 4, 5, 6

*Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) ................................... 7, 8, 9

*Pecover v. Elec. Arts Inc.*, No C 08-2820, 2010 U.S. Dist. LEXIS 140632 (N.D. Cal. Dec. 21, 2010) ........................................... 2, 9

*Reilly v. Medianews Group, Inc.*, 2007 U.S. Dist. LEXIS 29419 (N.D. Cal. Apr. 10, 2007) ................... 5

*Ries v. Ariz. Bevs. United States LLC*, 287 F.R.D. 523 (N.D. Cal. 2012) ................................................. 4

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) ............................................................................... 3, 10

*Sharma v. BMW of N. Am.*, 2015 U.S. Dist. LEXIS 1031 (N.D. Cal. Jan. 6, 2015).................................. 6

*Spann v. J.C. Penney Corp.*, 2015 U.S. Dist. LEXIS 42545 (C.D. Cal. Mar. 23, 2015).......................... 4

*Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998) ................................................................................. 2, 8, 9

*Weidenhamer v. Expedia, Inc.*, 2015 U.S. Dist. LEXIS 36142 (W.D. Wash. Mar. 23, 2015) ................... 4

**Statutes**

15 U.S.C. § 26 ........................................................................................................................................... 9

**Other**

Wright & Miller, *Fed. Prac. & Proc. Civ.* at § 1775 ................................................................................ 9

**Rules**

Fed. R. Civ. P. 23(a) .......................................................................................................................... 1, 2, 6

Fed. R. Civ. P. 23(b)(2)................................................................................................................... *passim*

Fed. R. Civ. P. 23(b)(3)...................................................................................................................... 2, 7, 8

Rule 23(a)(1) ............................................................................................................................................. 7

Rule 23(a)(2) ............................................................................................................................................. 7

Rule 23(a)(3) ............................................................................................................................................. 8

Rule 23(a)(4) ............................................................................................................................................. 8

Rule 23(b) ................................................................................................................................................. 6

Rule 23(c)(4) ......................................................................................................................................... 1, 6

## I.     INTRODUCTION AND BACKGROUND

This case presses claims on behalf of a certified class of egg donors asserting that Defendants' coordination of a horizontal agreement restricting donor compensation "to $5,000, or $10,000 with justification, violates the Sherman Act . . . ." *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 196 (N.D. Cal. 2015).   In certifying the class pursuant to Rule 23(c)(4),[1] this Court found that Plaintiffs satisfied the commonality requirement of Rule 23(a) because the question of "whether the Guidelines violate the antitrust laws is a question common to all class members and susceptible to resolution by common proof," and further held that "[r]esolving the violation issue on a classwide basis 'would significantly advance the resolution of the underlying case, thereby achieving judicial economy and efficiency.'" *Kamakahi*, 305 F.R.D. at 176 (citations omitted).  This Court also held that the Plaintiffs had satisfied the remaining requirements of Rule 23(a) (numerosity, adequacy and typicality), specifically finding "that this 'action is based on conduct which is not unique to the named plaintiffs,' *i.e.* the guidelines limiting appropriate compensation, and that such conduct is applicable to the class as a whole."  *Id.* at 184 (*quoting Hanon v. Data Products Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Although the Court found that Plaintiffs had satisfied all of the requirements of Rule 23(a), it declined Plaintiffs' request to certify the action under Rule 23(b)(2) for the purposes of obtaining

---

[1]The certified class is defined as follows:

> All women who sold human egg donor services for the purpose of supplying human eggs to be used for assisted fertility and reproductive purposes ("AR Eggs") within the United States and its territories at any time during the time period from April 12, 2007 to the present (the "Class Period") to or through:
>
> a.  any clinic that was, at the time of the donation, a member of Society for Assisted Reproductive Technology ("SART") and thereby agreed to follow the Maximum Price Rules (as that term is defined in Plaintiffs' Consolidated Amended Complaint) set forth by SART and the American Society for Reproductive Medicine ("ASRM"); and/or
>
> b.  any AR Egg Agency that was, at the time of the donation, agreeing to follow the Maximum Price Rules.

*Kamakahi*, 305 F.R.D. at 196.  On May 12, 2015, the Ninth Circuit rejected Defendants' 23(f) petition seeking interlocutory appellate review of this Court's certification decision.  *See Kamakahi, v. A.S.R.M.*, No. 15-80026 (9th Cir.), ECF #8.

injunctive or declaratory relief.[2]  Its decision, however, was not based on a finding that Plaintiffs could not satisfy the requirements of the Rule 23(b)(2), *i.e.* "that the party opposing the class has acted or refused to act on grounds generally applicable to the class such that final injunctive relief, or corresponding declaratory relief is appropriate respecting the class as a whole." Instead, the Court's decision to deny certification under Rule 23(b)(2)  was wholly based on its conclusion that "neither named plaintiff has standing to seek an injunction" because neither demonstrated concrete plans to donate again in the future.  *Id.* at 195.

Following this ruling, Plaintiffs Chelsey Kimmel and Kristen Wells sought and were granted permission to intervene in this action, for the purposes of seeking certification of a class under Rule 23(b)(2) to obtain injunctive relief on behalf of the class as a whole.  *See Kamakahi v. Am. Soc'y for Reprod. Med.*, 11-1781, 2015 U.S. Dist. LEXIS 54842, *8 (N.D. Cal. Apr. 27, 2015).  As demonstrated in their attached declarations, each has alleged and can provide evidence of "concrete plans" to provide donor services in the future. *See* Exhibits A and B.  Accordingly, through this motion, Chelsey Kimmel and Kristen Wells ("Proposed Representatives") seek certification, pursuant to Fed. R. Civ. P. 23(a) and (b)(2), of the following class for the purposes of obtaining injunctive relief:

> All women within the certified Class who intend to sell Donor Services in the future to or through any clinic or AR agency agreeing to follow the Maximum Price Rules established by Defendants.

Because this Court has already ruled that the question of violation may be litigated on a classwide basis, and that the challenged conduct is applicable to the class as a whole, the only remaining issues for this Court are whether Proposed Representatives have standing and are adequate

---

[2] This Court also denied certification of a class seeking damages pursuant to Fed. R. Civ. P. 23(b)(3) after declining to accept Plaintiffs proffered methods of proving damages and antitrust injury on a classwide basis.  *Kamakahi*, 305 F.R.D. at 186.  That finding does not impact certification of the class pursuant to Rule 23(b)(2).  "Although common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2)."  *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998).  Indeed, "Rule 23(b)(2)'s requirement that a defendant have acted consistently towards the class is plainly more permissive than 23(b)(3)'s requirement that questions common to the class predominate over individual issues."  *Pecover v. Elec. Arts Inc*., No C 08-2820, 2010 U.S. Dist. LEXIS 140632, *40 (N.D. Cal. Dec. 21, 2010).

2

representatives for a class seeking injunctive relief.   They easily meet these standards.  Ms. Kimmel

was compensated for donating eggs through SART-member clinic IVF New England prior to moving

for intervention and again while the motion for intervention was pending, and has recently accepted an

invitation from that clinic to return for a third compensated donation in July or September.  *See* Ex. A.

Ms. Wells was compensated for donating eggs four times prior to moving for intervention, including

two donations to SART-member clinic and two donations to adherent agencies, and has recently been

matched with intended parents for a fifth compensated donation, which she intends to complete

sometime this summer through an adherent agency.  Ex. B.  Thus, they both face an injury that is

"'actual or imminent, not conjectural or hypothetical,'" and therefore satisfy the requirements articulated

in this Court's order as necessary to pursue injunctive relief.  *Kamakahi*, 305 F.R.D. at 195.

Among antitrust cases, this one is uniquely suitable for injunctive relief.  While in most Section 1

cases the conduct is secret and terminates when discovered, here, the challenged conduct is open and

ongoing.   Absent an injunction, it will continue, and Class Members like Ms. Kimmel and Ms. Wells,

with concrete plans to donate in the future "would potentially be subject to ongoing antitrust harms . . .

."  *In re NCAA Student-Athlete Name & Likeness Licensing Litig*., 2013 U.S. Dist. LEXIS 160739, *32

(N.D. Cal. Nov. 8, 2013) (citations omitted).  "Because an injunction would offer all class members

'uniform relief' from this harm, class certification is appropriate under Rule 23(b)(2)." *Id.* (*quoting

Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010)).

## II.   PROPOSED REPRESENTATIVES HAVE STANDING TO REPRESENT A CLASS SEEKING INJUNCTIVE RELIEF

Both Proposed Representatives have standing to pursue claims for injunctive relief.  As this

Court has already held, "[i]n order to establish standing to seek an injunction, a plaintiff must face an

injury that is 'actual or imminent, not conjectural or hypothetical.'"  *Kamakahi*, 305 F.R.D. at 195

(*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Because there is no dispute that the challenged conduct is ongoing, the only question is whether

Proposed Representatives adequately show a threat of injury arising from it.  In its earlier opinion

denying certification of a Rule 23(b)(2) class, the Court held that Ms. Kamakahi and Ms. Levy lacked

standing to represent a class seeking injunctive relief because neither had  sufficiently demonstrated an

intention to provide donor services in the future. *Kamakahi*, 305 F.R.D. at 195. Here, by contrast, the Proposed Representatives have made the required showing.  Unlike Ms. Kamakahi and Ms. Levy, both Ms. Kimmel and Ms. Wells have testified to "concrete plans" to provide donor services in the future and have submitted evidence supporting these claims.  *See* Ex. A at ¶¶5-6; Ex. B at ¶¶ 4-5.  Such stated intent is entirely sufficient to show the requisite threat of future harm to confer injunctive standing.  *See, e.g. I.B. v. Facebook, Inc*., 2015 U.S. Dist. LEXIS 29357, *17 (N.D. Cal. Mar. 10, 2015) (declarations attesting to intent to make future purchases sufficiently demonstrate injunctive standing); *Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*, 246 F.R.D. 621, 626 (C.D. Cal. 2007) (injunctive standing present when class representatives submitted declarations attesting to future intent and when challenged conduct could realistically recur); *see also Chapman v. Pier 1 Imps. (U.S.), Inc*., 631 F.3d 939, 949 (9th Cir. 2011) ("Demonstrating an intent to return to a noncompliant accommodation is . . . one way for an injured plaintiff to establish Article III standing to pursue injunctive relief."); *Ries v. Ariz. Bevs. United States LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012) (plaintiffs' "stated intent to purchase in the future" satisfied requirements for standing).[3]

Notably, such stated intent is sufficient to confer standing even when the "evidence is disputed as to whether the plaintiff" will follow through on that intent, even at summary judgment.  *Spann v. J.C. Penney Corp*., 2015 U.S. Dist. LEXIS 42545, *32 (C.D. Cal. Mar. 23, 2015) (injunctive standing present when plaintiffs' "declaration makes clear that she is interested in buying from the store again"); *I.B.*, 2015 U.S. Dist. LEXIS 29357, at *17 (standing shown even though declarations were arguably contradicted by prior testimony).  Thus, an injunctive class representative need not ***prove*** future injury at the certification stage and "need not establish that future harm is certain, or even probable. What she must establish is that recurrence is not 'conjectural' or 'hypothetical,' as it would be if future injury were

---

[3] *See also Weidenhamer v. Expedia, Inc*., 2015 U.S. Dist. LEXIS 36142, *13-14 (W.D. Wash. Mar. 23, 2015) (standing when "[t]he complaint includes allegations that Mr. Weidenhamer hoped to remain an Expedia customer, and his request for a 5% "credit" rather than a refund also indicates an intent to purchase from Expedia in the future.");

contingent on multiple unlikely assumptions." *Multi-Ethnic Immigrant Workers*, 246 F.R.D. at 628; *see also Kamakahi*, 305 F.R.D. at 191 ("Whether the challenged conduct in fact injured the named plaintiffs and other class members is a merits question").  This precept does not differ in the antitrust context: even at the summary judgement stage, courts in this District have found injunctive standing to pursue antitrust claims based only on a showing that the "plaintiff was an active consumer in a market in which there was anti-competitive activity," explicitly declining to "require the plaintiff to present evidence of a prior or imminent raise in prices." *Reilly v. Medianews Group, Inc*., 2007 U.S. Dist. LEXIS 29419, *15 (N.D. Cal. Apr. 10, 2007) ("[W]hether defendants' actions threaten to lessen competition, create a monopoly, or raise prices, is the issue the Court must decide after trial.") (citing *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc*., 140 F.3d 1228, 1234 (9th Cir. 1998)); *see also Kamakahi*, 305 F.R.D. at 190 ("The Court is not persuaded that antitrust cases warrant different treatment from any other case with respect" to the question of injury-in-fact).  Thus, the proffered declarations establish the Proposed Representatives' Article III standing to seek injunctive relief from the antitrust violations alleged here.

Because the Proposed Representatives have demonstrated their standing to seek injunctive relief, they may do so on behalf of a class without showing that each individual class member also has standing.  In *Bates v. UPS*, 511 F.3d 974 (9th Cir. 2007), the Ninth Circuit, sitting *en banc,* addressed the standing requirements of a certified Rule 23(b)(2) class, observing that "[i]n a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Id.* at 985.  The Court further held that "[b]ecause [the named plaintiff] has standing to seek injunctive relief, the entire federal class has standing." *Id.* ("Thus, we consider only whether at least one named plaintiff satisfies the standing requirements for injunctive relief.").  Lower courts echo this principle, certifying classes even when some "class members lack standing," because "the propriety of awarding class-wide relief does not require a demonstration that some or all of the unnamed class could themselves satisfy the standing requirements for named plaintiffs." *Marilley v. Bonham*, 2012 U.S. Dist. LEXIS 33678, *13 (N.D. Cal. Mar. 13, 2012) ("Rule 23 merely requires that a named plaintiff have personally sustained or be in

immediate danger of sustaining 'some direct injury as a result of the challenged statute or official conduct.'") (citations omitted).[4]

## III.     THE PROPOSED CLASS SATISFIES THE REQUIRMENTS FOR CERTIFICATION UNDER RULE 23(b)(2).

### A.     Standards of Law for Class Certification

In its earlier opinion certifying the class, this Court articulated the applicable legal standards: "[A] party seeking class certification must demonstrate that '(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.'" *Kamakahi*, 305 F.R.D. at 175. (quoting Fed. R. Civ. P. 23(a)).  In addition, the party seeking certification must show that the proposed class satisfies "one of the subsections of Rule 23(b)" – here, 23(b)(2), which "permits certification where 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(2)).   Plaintiffs have established each of the elements required for certification of a Rule 23(b)(2) class with Proposed Representatives as class representatives.[5]

---

[4] *See also Sharma v. BMW of N. Am.*, 2015 U.S. Dist. LEXIS 1031, *3 (N.D. Cal. Jan. 6, 2015) ("For purposes of standing, however, a plaintiff may proceed on behalf of a class if the named plaintiff has standing."); *Arnott v. United States Citizenship & Immigration Servs.*, 290 F.R.D. 579, 584 (C.D. Cal. 2012) (certifying 23(b)(2) class and noting "[i]t is improper for this Court to analyze unnamed class members' Article III standing where, as here, Defendants do not successfully challenge the putative class representatives' standing.") (citing *Lewis v. Casey*, 518 U.S. 343, 395 (1996) (Souter, J., concurring) (class certification "does not require a demonstration that some or all of the unnamed class could themselves satisfy the standing requirements for named plaintiffs")

[5] This Court's class certification order additionally held that a "party seeking certification must demonstrate that an identifiable and ascertainable class exists," and correctly found the Rule 23(c)(4) representatives did so. *Kamakahi*, 305 F.R.D. at 175. That said, under Rule 23(b)(2), "class requirements have traditionally been relaxed" and "precise definition is not as important as it may be under other class certification rules." *Joyce v. City & County of San Francisco*, 1994 U.S. Dist. LEXIS 20264, *12-13 (N.D. Cal. Aug. 4, 1994). In part, this is because the "very nature of an injunctive class contemplates that there will be class members who can only be determined in the future." *Multi-Ethnic Immigrant Workers Org.*, 246 F.R.D. at 630.  Thus, while this Court's earlier finding should answer the

---

NOT. OF MOT. AND MOT. FOR CLASS CERTIFICATION
CASE NO. 11-CV-1781 (JCS)

**B.** **This Court Has Already Found that the Numerosity and Commonality Requirements are Satisfied.**

As discussed above, this Court has already found that Plaintiffs adequately demonstrated the numerosity requirement of Rule 23(a)(1). As it stated in its opinion, "courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members," and "the Court is satisfied that the proposed class is sufficiently numerous." *Kamakahi*, 305 F.R.D. at 183.

Similarly, this Court has explicitly held that the commonality requirement of Rule 23(a)(2) has been satisfied in this case. Commonality is satisfied where "'the class members' claims 'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] with one stroke.'" *Id.* at 183 (quoting *Mazza v. American Honda Motor Corp*., 666 F.3d 581, 588 (9th Cir. 2012). In its earlier opinion, this Court's observed that "'[c]ourts consistently have held that the very nature of a conspiracy antitrust action compels a finding that common questions of law and fact exist.'" *Id.* (quoting *In re Rubber Chems. Antitrust Litig*., 232 F.R.D. 346, 351 (N.D. Cal. 2005)). Consequently, it concluded that the question of "whether the Guidelines violate the antitrust laws is a question common to all class members and susceptible to resolution by common proof, and thus meets Rule 23(a)(2)'s commonality requirement." *Id.*

The fact that Plaintiffs seek an injunction should a violation be established does not alter the conclusion that the commonality requirement is satisfied. *Cf. Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014) (finding commonality and noting "although a presently existing risk may ultimately result in different future harm for different inmates—ranging from no harm at all to death—every inmate suffers exactly the same constitutional injury when he is exposed to a single statewide ADC policy or practice that creates a substantial risk of serious harm."). To the contrary, the fact that each of the class members seeks the same exact relief – an injunction prohibiting the continuing violation – only reinforces the conclusion that commonality had been demonstrated here.

//

---

question of ascertainability, Proposed Representatives need not make that showing here. *Hernandez v. County of Monterey*, 2015 U.S. Dist. LEXIS 11396, *43-44 (N.D. Cal. Jan. 29, 2015) ("[A]s a general matter, less precision is required of class definitions under Rule 23(b)(2) than under Rule 23(b)(3) . . .").

NOT. OF MOT. AND MOT. FOR CLASS CERTIFICATION
CASE NO. 11-CV-1781 (JCS)

### C.        Proposed Injunctive Representatives Are Adequate and Typical

"In assessing typicality under Rule 23(a)(3), courts consider 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Kamakahi*, 305 F.R.D. at 183.  Here, this Court previously found that "this 'action is based on conduct which is not unique to the named plaintiffs,' *i.e,* the Guidelines limiting appropriate compensation, and that such conduct is applicable to the class as a whole."  *Id*. (citations omitted).[6]

Similarly, adequacy under Rule 23(a)(4), "which requires that the class representatives 'fairly and adequately protect the interests of the class,' is satisfied if the proposed representative plaintiffs do not have conflicts of interest with the proposed class and are represented by qualified and competent counsel."   *Id.*  Where – as here – proposed representatives have retained qualified and experienced counsel, already designated as Class Counsel for the certified issue class, and the representatives have no interests antagonistic to the interests of the Class, adequacy is easily satisfied.  *Walters*, 145 F.3d at 1046 (adequacy satisfied when "the district court specifically found that the attorneys for the class representatives were well qualified and that the class representatives themselves were adequate because they were not antagonistic to the interests of the class and were "interested and involved in obtaining relief.").

### D.        The Proposed Class Satisfies Rule 23(b)(2)

#### i.        Rule 23(b)(2) Standards

As described above, Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  *Parsons*, 754 F.3d at 674.  "That inquiry does not require an examination of the viability or bases of the class members' claims for relief, does not require that the issues common to the class satisfy a Rule 23(b)(3)-like predominance test, and

---

[6] Later in the opinion, the Court observed that Kamakahi and Levy's "non-membership in the proposed [future donors] subclass implicated several of the Rule 23(a) requirements." *Kamakahi*, 305 F.R.D. at 196.  Those concerns do not arise here, where Kimmel and Wells can establish their "membership in the proposed subclass" and standing to pursue injunctive relief.

NOT. OF MOT. AND MOT. FOR CLASS CERTIFICATION
CASE NO. 11-CV-1781 (JCS)

does not require a finding that all members of the class have suffered identical injuries." *Id.* at 688.  As stated above, "Rule 23(b)(2)'s requirement that a defendant have acted consistently towards the class is plainly more permissive than 23(b)(3)'s requirement that questions common to the class predominate over individual issues." *Pecover*, 2010 U.S. Dist. LEXIS 140632, at *40.  The Rule 23(b)(2) standard is similar to the "commonality" standard, and is "'almost automatically satisfied in actions primarily seeking injunctive relief.'" *Gray v. Golden Gate Nat'l Rec. Area*, 279 F.R.D. 501, 520 (N.D. Cal. 2011) (quoting *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 58 (3rd Cir. 1994)).

Moreover, it is settled that "[e]ven if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate" under 23(b)(2).  *Walters*, 145 F.3d at 1047.[7]  This rule is "is consistent with the intention of the Advisory Committee, which stated in its Note to the 1966 amendment of Rule 23 that: 'Action or inaction is directed to a class within the meaning of this subdivision even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class.'" *Parsons*, 754 F.3d at 688 n.33  (quoting Wright & Miller, *Fed. Prac. & Proc. Civ.* at § 1775).

### ii.     Rule 23(b)(2) Is Satisfied

Rule 23(b)(2) is "unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons*, 754 F.3d at 688.

This case presents a paradigmatic example of such a case: Proposed Representatives seek a single ruling, pursuant to the Clayton Act, enjoining an ongoing anticompetitive rule that fixes the price at which Class Members will be compensated.  15 U.S.C. § 26 ("Any person . . . shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws.").[8]  Here, "[r]elief from a single

---

[7] *Walters* favorably cited to 7A Charles Alan Wright et al., Federal Practice & Procedure § 1775 (2d ed. 1986)'s observation that  "[a]ll the class members need not be aggrieved by or desire to challenge the defendant's conduct in order for some of them to seek relief under Rule 23(b)(2)."  45 F.3d at 1047.

[8] This Court's prior order granting certification of the issue class supports this conclusion. *Kamakahi*, 305 F.R.D. at 183 ("The Court finds that this 'action is based on conduct which is not unique to the

1   practice is requested by all class members." *Rodriguez v. Hayes*, 591 F.3d 1105, 1126 (9th Cir. 2010)

2   ("[A]lthough the current regulations control what sort of process individual class members receive at

3   this time, all class members' seek the exact same relief as a matter of statutory or, in the alternative,

4   constitutional right.").[9]  "Without the requested injunctive relief, all class members . . . would

5   potentially be subject to ongoing antitrust harms. . . . Because an injunction would offer all class

6   members 'uniform relief' from this harm class certification is appropriate under Rule 23(b)(2)."  *NCAA*,

7   2013 U.S. Dist. LEXIS 160739, at *32.

8        Moreover, Section II, *infra*, describes at length the standing requirements in the Rule 23(b)(2)

9   context, and shows that they are easily satisfied here.  Needless to say, Proposed Representatives do not

10  need to prove past harm or future harm, for themselves or any other class member, to support

11  certification.   As stated above, Rule 23(b)(2) "does not require [a court] to examine the viability or

12  bases of class members' claims for declaratory and injunctive relief, but only to look at whether class

13  members seek uniform relief from a practice applicable to all of them."  *Rodriguez*, 591 F.3d at 1111.

14  Because Plaintiffs Kimmel and Wells "seek uniform relief from a practice applicable to all future

15  donors", Rule 23(b)(2) is satisfied, and injunctive certification is appropriate.

16  **IV.   <u>CONCLUSION</u>**

17       This case – challenging an ongoing agreement, the legality of which has already been found

18  appropriate for classwide treatment, and which may be enjoined at one stroke – is precisely suitable for

19  injunctive certification, and this Court should grant such certification.

20  //

21  //

22  //

23

---

24  named plaintiffs,' *i.e*, the Guidelines limiting appropriate compensation, and that such conduct is
    applicable to the class as a whole.")

25

26  [9] The *Rodriguez* plaintiff sought certification of a "class of aliens detained in the Central District of
    California for more than six months without a bond hearing." *Rodriguez*, 591 F.3d at 1111.  The Court

27  made the above observation in the course of rejecting the defendants' contention that the fact that "some
    class members may not ultimately be entitled to a bond hearing because they are properly subject to

28  mandatory detention" precluded 23(b)(2) certification.  *Id.* at 1125.

Dated: June 3, 2015

Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By: /s/ Rosemary M. Rivas
        Rosemary M. Rivas

One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Douglas G. Thompson
dthompson@finkelsteinthompson.com
Michael G. McLellan
mmclellan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150
Washington, DC 20007
Telephone: 202-337-8000
Facsimile: 202-337-8090

Bryan L. Clobes
bclobes@caffertyclobes.com
Ellen Meriwether
emeriwether@caffertyclobes.com
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Telephone: 215-864-2800
Facsimile: 215-864-2810

*Co-Lead Counsel For Plaintiffs*

# EXHIBIT A

Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Michael G. McLellan (admitted pro hac vice)
mmclellan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150
Washington, DC 20007
Telephone: 202-337-8000/Facsimile: 202-337-8090

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDSAY KAMAKAHI and JUSTINE LEVY, individually, and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE and SOCIETY FOR ASSISTED REPRODUCTIVE TECHNOLOGY.<br><br>Defendants. | Case No. 3:11-CV-1781 JCS<br><br>**DECLARATION OF CHELSEY KIMMEL IN SUPPORT OF CLASS CERTIFICATION** |

DECLARATION OF CHELSEY KIMMEL IN SUPPORT OF CLASS CERTIFICATION
Case No. 3:11-CV-1781 JCS

1
2      I, Chelsey Kimmel, declare that I am over the age of eighteen years and if called upon to do so

3 could testify competently to the following:

4      1.    In October of 2013[1] I sold human egg donor services for the purpose of supplying human

5
6 eggs to be used for assisted fertility and reproductive purposes ("AR Eggs").

7      2.    I made my donation directly to the clinic known as Reproductive Science Center of New

8 England, now known as IVF New England, located in Lexington, Massachusetts.

9      3.    Since submitting my declaration in support of intervention, I have again sold human egg

10 donor services for the purpose of supplying AR Egg.

11
12      4.    My second donation was again made directly to the clinic now known as IVF New

13 England, located in Lexington, Massachusetts, and the retrieval occurred in April 2015.

14      5.    I intend to sell human donor egg services again within the next few months. IVF New

15 England has asked me to come back for a third donation and I have notified them that I intend to do so. I

16
17 expect the donation to occur in July or September of this year, and to be compensated by IVF New

18 England after the retrieval is completed.

19      6.    I do not expect this upcoming third donation to be my last, but rather intend to sell donor

20 services to IVF New England or Egg Donation, Inc. at least one additional time, and expect to do so

21 within a year of completing my third donation.

22
23      Executed this ⧵ day of June, 2015.

24
25                                   Chelsey Kimmel

26
27
28
  [1] My initial declaration contained an error; my first donation was in October of 2013, not October of 2014.

DECLARATION OF CHELSEY KIMMEL IN SUPPORT OF CLASS CERTIFICATION
Case No. 3:11-CV-1781 JCS

# EXHIBIT B

Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Michael G. McLellan (admitted pro hac vice)
mmclellan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150
Washington, DC 20007
Telephone: 202-337-8000/Facsimile: 202-337-8090

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY KAMAKAHI and JUSTINE LEVY, individually, and on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE and SOCIETY FOR ASSISTED REPRODUCTIVE TECHNOLOGY.<br><br>               Defendants. | Case No. 3:11-CV-1781 JCS<br><br>**DECLARATION OF KRISTIN WELLS IN SUPPORT OF CLASS CERTIFICATION** |

1

2        I, Kristin Wells, declare that I am over the age of eighteen years and if called upon to do so could

3  testify competently to the following:

4        1.        I have sold human egg donor services for the purpose of supplying human eggs to be

5  used for assisted fertility and reproductive purposes ("AR Eggs").

6

7        2.        I made two of my donations, in 2011 and 2014 respectively, through agencies known as

8  Reproductive Solutions and Eggspecting, Inc.

9        3.        I made two of my donations, in 2013 and 2014 respectively,[1] directly to the clinic known

10  as Center for Reproductive Medicine, located in Minneapolis, Minnesota.

11

12        4.        Since submitting my declaration in support of intervention I have been matched for a fifth

13  donation by Circle Egg Donation and I have notified the agency that I intend to move forward with that

14  match.  I expect my fifth donation to take place sometime this summer, and to be compensated through

15  Circle Egg Donation after the retrieval is completed.

16

17        5.        I do not expect this upcoming donation to be my last, but rather intend to sell donor

18  services to a SART-member clinic or through one of these agencies at least one additional time within a

19  year of completing my fifth donation.

20

21        Executed this 2nd day of June, 2015.

22

23                                                                              Kristin Wells

24

25

26

27

28  _____
[1] My initial declaration contained an error; my donations at Center for Reproductive Medicine were in 2013 and 2014, not 2012 and 2013.

DECLARATION OF KRISTIN WELLS IN SUPPORT OF CLASS CERTIFICATION
Case No. 3:11-CV-1781 JCS