UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY KAMAKAHI, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE, et al., <br><br> Defendants. | Case No. 11-cv-01781-JCS <br><br> **ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 196, 202 |

## I. INTRODUCTION

Plaintiffs have filed a motion for class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure, which Defendants oppose. Pursuant to this Court's Civil Local Rule 79-5, Defendants and Plaintiffs have each moved to file documents related to that motion under seal. *See* Defs.' Mot. to Seal (dkt. 196); Pls.' Mot. to Seal (dkt. 202). Plaintiffs also filed a response to Defendants' motion—which is based on Plaintiffs having designated certain documents as confidential—pursuant to Civil Local Rule 79-5(e). Dkt. 198. For the reasons stated below, each sealing motion is GRANTED IN PART AND DENIED IN PART. The parties shall file public versions of documents consistent with this Order **no later than September 9, 2015**.

## II. ANALYSIS

The parties are familiar with the local rules and applicable legal standard for filing under seal as set forth in the Court's orders addressing sealing motions in the context of Plaintiffs' initial motion for class certification. *See, e.g.*, dkts. 156, 160, 164. In brief, a party seeking to file documents under seal must generally demonstrate compelling reasons for sealing, but the standard is relaxed to require only a showing of good cause to seal discovery documents submitted in the context of a non-dispositive motion. *See In re Midland Nat'l Life Ins. Co. Annuity Sales Practices*

*Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

### A. Defendants' Motion to Seal Opposition and Monts Declaration

Defendants move to seal their Opposition to Class Certification and six exhibits to the Declaration of William Monts. Plaintiffs filed a response supporting Defendants' motion as to the exhibits and portions of the Opposition. For the reasons stated in Plaintiffs' response and the declaration accompanying that response, Defendants' motion to seal is GRANTED as to Exhibits 1, 2, 3, 5, and 6.

Plaintiffs do not oppose filing Defendants' Opposition in the public record, except that Plaintiffs propose to redact two sentences at page 16, lines 17 through 21. Plaintiffs contend that this passage "[d]iscloses compensation practices of a donor agency." Dkt. 198-1 at 2. Because the passage does not disclose the actual rate of compensation paid by the agency, the Court finds Plaintiffs' concern unfounded. Defendants' motion to seal the Opposition is DENIED.

Plaintiffs present the following justifications for sealing Exhibit 4:

> Discussion of donor agency's compensation and other business practices, as well as discussion of private financial information on private, members-only internet forum. Discussion of non-public personal information, including racial and ethnic information.

*Id.* The fact that discussion occurred on a purportedly private internet forum does not inherently warrant sealing—private communication, such as letters or email, is routinely produced and filed publicly in litigation. Further, most of Exhibit 4 does not consist of the sort of sensitive information identified in Plaintiffs' explanation. The Court finds good cause for only limited redactions to this exhibit, specifically the compensation that Wells actually received for past donations and, because it is entirely irrelevant to this action, Wells' "racial and ethnic information" included on the final page of the exhibit. Defendants' motion to seal Exhibit 4 is therefore GRANTED IN PART, and Defendants are instructed to file a public version of Exhibit 4 with redactions.

Exhibit 7 consists of an email from Wells to her father, forwarding a marketing newsletter from a donor agency. Defendants' motion to seal Exhibit 7 is GRANTED IN PART. Although the first page (Wells's message to her father) may be redacted in its entirety for the reasons stated

in Plaintiffs' declaration, the Court finds no basis for sealing the remainder (the marketing newsletter), which shall be filed in the public record.

### B.  Plaintiffs' Motion to Seal Reply and McClellan Reply Declaration

Plaintiffs move to seal certain passages of their Reply, as well as Exhibits 1, 2, and 5 of Michael McClellan's declaration in support of the Reply.  For the reasons stated in Plaintiffs' motion to seal and supporting declaration, the motion is GRANTED as to Exhibits 1 and 2.

Plaintiffs argue that Exhibit 5 and the passages in the Reply should be sealed because they "[d]isclose[] sensitive and confidential compensation and business practices of [a] donor agency." Dkt. 202-1 at 2.  Rather than listing specific compensation amounts, these materials discuss only whether the agency intends to comply with the $10,000 compensation limit that is at the heart of this litigation.  The Court is not persuaded that the agency faces any significant competitive harm through disclosure of these materials, and accordingly DENIES Plaintiffs' motion to seal the Reply and Exhibit 5.

## III.  CONCLUSION

For the reasons stated above, both parties' motions to file under seal are GRANTED IN PART AND DENIED IN PART.  Defendants are ORDERED to file their Opposition and redacted versions of Exhibits 4 and 7 thereto in the public record **no later than September 9, 2015**. Plaintiffs are ORDERED to file their Reply and Exhibit 5 thereto in the public record by the same date.

**IT IS SO ORDERED.**

Dated: September 2, 2015

JOSEPH C. SPERO
Chief Magistrate Judge