Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Michael G. McLellan (admitted *pro hac vice*)
mmclellan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1077 30th Street NW, Suite 150
Washington, DC 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

*Co-Lead Counsel for Plaintiffs*

[Additional Counsel listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDSAY KAMAKAHI and JUSTINE LEVY, individually, and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE and SOCIETY FOR ASSISTED REPRODUCTIVE TECHNOLOGY.<br><br>Defendants. | Case No. 3:11-CV-1781 JCS<br><br>[~~PROPOSED~~] **ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT; PRELIMINARILY CERTIFYING THE SETTLEMENT CLASS; AND AUTHORIZING DISSEMINATION OF NOTICE** |

Upon consideration of the Plaintiffs' Motion for (1) Preliminary Approval of Settlement; (2) Certification of Class for Settlement Purposes and (3) Approval of Class Notice (the "Motion"),[1]

WHEREAS, Plaintiffs allege that they and members of the Settlement Class were injured and/or face threatened loss or damage as a result of Defendants' participation in an unlawful contract, combination, or conspiracy to fix, raise, maintain, or stabilize the price of Donor Services (as defined below) purchased within the United States and its territories in violation of Section 1 of the Sherman Act; and

WHEREAS, fact discovery is completed in full, and Plaintiffs have had an opportunity to review extensive document productions and take numerous depositions in this matter; and

WHEREAS, Defendants deny any wrongdoing or liability relating to any of the allegations made by Plaintiffs, and it is agreed among Defendants and Plaintiffs that the Settlement Agreement ("Agreement") shall not constitute, and shall not be construed as or deemed to be evidence of or an admission of any fault, wrongdoing, or liability by Defendants or any other person or entity; and

WHEREAS, the Court has considered the Agreement, the proposed plan and form of Notice, and the other documents submitted in connection with Plaintiffs' request for preliminary approval of the Settlement, certification of the Settlement Class set forth in the Agreement for the purposes of settlement only, and appointment of class representatives and counsel for the Settlement Class, and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion is **GRANTED**.

**Preliminary Approval of the Settlement**

3. The Court finds that: (a) the proposed Settlement, as set forth in the Agreement, is sufficiently fair, reasonable and adequate to authorize the dissemination of notice of the Settlement to potential members of the Settlement Class and to schedule a fairness hearing to determine whether to grant final approval of the proposed Settlement under Fed. R. Civ. P. 23(e); (b) the Agreement was negotiated at arm's-length by experienced counsel acting in good faith; and (c) there has been adequate

---

[1] Terms used in this Order that are defined in the Agreement are, unless otherwise defined herein, used in this Order as defined in the Agreement.

opportunity for discovery for experienced counsel to evaluate the claims and risks at this stage of the litigation.

4. The Court finds that preliminary approval is appropriate and hereby grants preliminary approval of the Settlement subject to final determination following notice and hearing.

**Certification of the Settlement Class, Appointment of Settlement Class Representatives, and Appointment of Co-Lead Counsel**

5. For purposes of the Settlement, and only for that purpose, and without an adjudication on the merits and without any impact upon the issues between Plaintiffs and Defendants in the event that final approval of the Settlement does not occur, pursuant to Rule 23(a), 23(b)(2), and 23(c)(1)(C) of the Federal Rules of Civil Procedure, the Court finds that the requirements for a class action are met, and hereby amends the class definition of the class certified in this action under Rule 23(c)(4) on February 3, 2014 to the following:

> All women who sold human egg donor services for the purpose of supplying human eggs to be used for assisted fertility and reproductive purposes ("AR Eggs") within the United States and its territories at any time during the time period from April 12, 2007, to the present – and who intend to sell donor services in the future – to or through: (1) any clinic that was/is, at the time of the donation, a member of SART; and/or (2) any AR Egg Agency that was/is, at the time of the donation, agreeing to follow the Challenged Ethics Report ("Settlement Class").

The Settlement Class is accordingly preliminarily certified for settlement purposes and is the only class certified in this action.

6. For purposes of preliminary approval, the Court finds that provisional certification of the Settlement Class is warranted in light of the proposed Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Class; (3) the claims of Plaintiffs Chelsey Kimmel and Kristen Wells are typical of the claims of the Settlement Class Members; and (4) Plaintiffs Chelsey Kimmel and Kristen Wells and Co-Lead Counsel will fairly and adequately represent the interests of the Settlement Class Members.

7. For purposes of preliminary approval, the Court finds that provisional certification of the Settlement Class is warranted in light of the proposed Settlement under the prerequisites of Federal Rule of Civil Procedure 23(b)(2) because Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

8. The Court hereby appoints Plaintiffs Chelsey Kimmel and Kristen Wells as Settlement Class Representatives. The Court preliminarily finds that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representatives are consistent with those of Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class Members; (3) the Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Settlement Class Representatives and Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning alleged violations of the antitrust laws.

9. In making these preliminary findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

10. The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby confirms the appointment of the law firms of Finkelstein Thompson LLP and Cafferty Clobes Meriwether & Sprengel LLP as Co-Lead Counsel for the Settlement Class.

**CAFA Notice**

11. Pursuant to the Agreement, within ten (10) days after filing with the Court the motion papers seeking preliminary approval of the Settlement, the parties shall provide notice of the Settlement to the appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

**Notice to Potential Settlement Class Members**

12. The Court finds that the proposed Settlement, as set forth in the Agreement, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Settlement Class.

13. The Court approves the form and content of the Notice, as set forth in the plan of notice attached to the Agreement.

14. The Court finds that the plan for distribution of Notice set forth in the plan of notice attached to the Agreement constitutes the appropriate notice and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

15. A.B. Data, Ltd. is approved to serve as administrator for the purpose of issuing notice to the Settlement Class. Defendants will pay the costs of A.B. Data, Ltd. up to $150,000, as set forth in the Agreement.

16. The parties shall cause Notice to be provided to potential members of the Settlement Class in accordance with the Notice Plan and the Agreement.

17. By July 13, 2016, Co-Lead Counsel shall file with the Court their motion for final approval of the Settlement and their petition for attorneys' fees and expenses, and, by July 13, 2016, shall file proof that notice was provided to potential members of the Settlement Class as directed by this Order.

18. Any Settlement Class Member who objects to the proposed Settlement, or to Co-Lead Counsel's petition for attorneys' fees and expenses, must do so in writing, postmarked no later than July 29, 2016, and shall otherwise comply with the requirements set forth in the Notice.

19. Co-Lead Counsel shall file with the Court and serve on the parties their responses to any objection(s) to the Settlement and/or their petition for attorneys' fees and costs on or before August 15, 2016.

20. The Court will hold a fairness hearing on August 26, 2016 at 2:00 p.m. at the Courtroom G, 15th Floor, 455 Golden Gate Ave., San Francisco, CA 94102, to determine the fairness, reasonableness, and adequacy of the proposed Settlement and to consider Co-Lead Counsel's petition for attorneys' fees and expenses. Any Settlement Class Member who follows the procedure set forth in

the Notice may appear and be heard. The fairness hearing may be rescheduled, adjourned or continued without further notice to the Settlement Class Members.

### Other Provisions

21. In the event that the Settlement is validly terminated as provided for in the Agreement, all proceedings had in connection with the Settlement and any orders regarding the Settlement shall be null and void, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of the Plaintiffs, Defendants, and Settlement Class Members.

22. In the event that the Settlement does not become final and effective for any reason, nothing in the Agreement, this Order, or proceedings or orders regarding the Settlement shall be construed to prejudice any position that any of the parties may assert in any aspect of this litigation.

23. Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession by Defendants of the truth of any allegations in the litigation, or of any fault or wrongdoing of any kind, or lack of merit of Plaintiffs' allegations.

24. The litigation is stayed except as provided for in the Agreement and to the extent necessary to obtain final approval of the Settlement.

**IT IS SO ORDERED.**

DATED: March 23, 2016



Magistrate Judge Joseph C. Spero